## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CATHY GOODMAN, et al., | : | Civil Action No. 2:22-cv-2926-WJM-CLW |
| | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action |
| | : | |
| INTERVET INC., | : | |
| | : | Hon. William J. Martini, U.S.D.J. |
| Defendant. | : | Hon. Cathy L. Waldor, U.S.M.J. |
| | : | |
| | : | |
| | : | |
| | : | |

## ORDER FINALLY APPROVING CLASS ACTION
## SETTLEMENT AND FINAL JUDGMENT

WHEREAS, by order dated September 19, 2024, this Court granted preliminary approval of the proposed class action settlement between the parties in this Action.

WHEREAS, the Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on February 10, 2025. On that date, the Court held a duly noticed final fairness hearing to consider: (1) whether the terms and conditions of the Settlement

1

Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing Plaintiffs' operative complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members; (3) whether and in what amount to award attorney's fees and expenses to Class Counsel; (4) whether and in what amount to award incentive payments to the Plaintiffs.

WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered.

WHEREAS, the Settlement was the result of extensive and intensive arms-length negotiations over several months. Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action. The extent of the independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the Settlement.

WHEREAS, the Court has determined that the proposed Settlement of the claims of the Settlement Class Members against Defendant, as well as the release of Defendant and the Released Parties, the significant relief provided to the Settlement Class Members as described in the Settlement Agreement, and the award of attorney's fees and expenses and incentive payments requested, are fair, reasonable and adequate.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Settlement Agreement, including any attachments thereto, is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Settlement Agreement.

2.    The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs'

complaint in the Action, and to dismiss this Action on the merits and with prejudice.

3.    The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment and upon the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and

efficient adjudication of the controversy.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by any trial in this case.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the Court has considered, among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum. The Court takes guidance in its consideration of certification and settlement issues from *Girsh v. Jepson*, 521 F.2d 153, 157 (3rd Cir. 1975) and its progeny.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a class action on behalf of: All persons who are members of any of the "Statewide Settlement Classes" defined on Appendix A to this Order (the "Settlement

Class"). As defined in the Settlement Agreement, "Settlement Class Member(s)" means any member of the Settlement Class who does not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the Settlement Agreement and Notice. Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of Defendant or its parents, subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

5. The Court appoints Sophia Gold of KalielGold PLLC; Edwin E. Elliott and Andrew Shamis of Shamis & Gentile, P.A.; Scott Edelsberg of Edelsberg Law; and Rachel Dapeer of Dapeer Law, P.A. as counsel for the Settlement Class ("Class Counsel"). The Court designates named Plaintiffs Cathy Goodman, Matthew Inman, Dennis Canetty, Belinda Young, Ellen Berris, Gongjun Peng, Lyncia Sirmans, Kristi Schaller, Rachel Lesser, Kathryn Lyell, Jeffrey Henderson, CJ Ferry, Lydia Gomez, Larhonda Majied, Amy Crawford, Gail Hes, Carolyn Shepardson, Erin Radcliffe, Alison Barnum, and Kimberly Amacher as the representatives of the Settlement Class. The Court finds that these named Plaintiffs and Class Counsel have fully and

adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6.    The Court finds that the e-mail and post-card notice in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Fairness Hearing:

(a)    constituted the best practicable notice to members of the Settlement Class under the circumstances of this Action;

(b)    were reasonably calculated, under the circumstances, to apprise members of the Settlement Class of (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including without limitation final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class' representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and

representative fees), (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

(c)     constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

(d)     fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.     The Court finds that Defendant provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.   Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering its Final Order and Judgment and no

such objections or comments were received.

8.    The terms and provisions of the Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Settlement Agreement is fair, adequate and reasonable based on the following factors, among other things:

(a)    There is no fraud or collusion underlying this settlement, and it was reached after good faith, arms-length negotiations.

(b)    The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties had developed a sufficient factual record

to evaluate their chances of success and the proposed settlement.

(c)    The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval.

(d)    The settlement provides meaningful relief to the Settlement Class Members, including the injunctive relief and financial benefits described below, and certainly falls within the range of possible recoveries by the Settlement Class Members.

The parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions. The Court hereby declares that the Settlement Agreement is binding on all Parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

9.    As described in the Settlement Agreement, Defendant has agreed to (1) make a total payment of $3,500,000 for the Settlement, inclusive of (i) compensation to Settlement Class Members; (ii) notice and

administration costs; (iii) attorney's fees and expenses to Class Counsel; and (iv) incentive payments to Plaintiffs and (2) make the disclosures described in the Settlement Agreement regarding its HomeAgain premium service. Nothing in this Final Order and Judgment shall prevent Defendant from implementing disclosure changes prior to the Effective Date. This Final Order and Judgment does not preclude Defendant from making further disclosures or any changes to its disclosures as described in the Settlement Agreement.

10.    Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorneys' fees in the amount of $1,166,666.00 and reimbursement of their reasonably incurred litigation costs in the amount of $13,528.98 and stipends of $2,500 to each Plaintiff, for a total of $45,000.   All such payments and all compensation to Settlement Class Members shall be taken from the Settlement Payment, made pursuant to the schedule set forth in the Settlement Agreement and Defendant shall not be obligated to make any payment in connection with the Settlement in addition to the Settlement Payment.

11.     This Action is hereby dismissed with prejudice and without costs as against Defendant and the Released Parties.

12.     Upon the Effective Date, the Releasing Parties (as that term is defined in the Settlement Agreement) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.

13.     The Released Claims include known and unknown claims relating to the Action, and the Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder. Settlement Class Members have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members have expressly waived and relinquished any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members have acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the parties expressly

acknowledged that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties has expressly waived whatever benefits it may have had pursuant to such section. Plaintiffs have acknowledged, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

14.    Members of the Settlement Class who have opted out of or sought exclusion from the settlement by the date set by the Court do not release their claims and will not obtain any benefits of the settlement. The 22 persons identified in Appendix B ("Request for Exclusion") shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this litigation.

15.    The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and

enjoins Plaintiffs, all Settlement Class Members, and all persons acting on

behalf of, or in concert or participation with such Plaintiffs or Settlement

Class Members (including but not limited to the Releasing Parties), from: (a)

filing, commencing, asserting, prosecuting, maintaining, pursuing,

continuing, intervening in, or participating in, or receiving any benefits

from, any lawsuit, arbitration, or administrative, regulatory or other

proceeding or order in any jurisdiction based upon or asserting any of the

Released Claims; (b) bringing a class action on behalf of Plaintiffs or

Settlement Class Members, seeking to certify a class that includes Plaintiffs

or Settlement Class Members, or continuing to prosecute or participate in

any previously filed and/or certified class action, in any lawsuit based upon

or asserting any of the Released Claims.

16.    Neither the Settlement Agreement, nor any of its terms and

provisions, nor any of the negotiations or proceedings connected with it,

nor any of the documents or statements referred to therein, nor any of the

documents or statements generated or received pursuant to the claims

administration process, shall be:

(a)  offered by any person or received against Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendant;

(b)  offered by any person or received against Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant or any other wrongdoing by Defendant;

(c)  offered by any person or received against Defendant or as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to

16

for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the settlement (or any agreement or order relating thereto) or the Final Order and Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the Final Order and Judgment, or the release as to Defendant, Plaintiffs, or the Settlement Class Members; or

(d)    offered by any person or received against any Plaintiff or class representative as evidence or construed as or deemed to be evidence that any of their claims in any of the cases consolidated herein lack merit.

Notwithstanding the foregoing, Defendant may file the Settlement Agreement, this Final Order and Judgment, and/or any of the documents or statements referred to therein in support of any defense or

claim that it is binding on and shall have *res judicata, collateral estoppel*, and/or preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and/or any other Settlement Class Members, and each of them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

17.   The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, including, without limitation, for the purpose of:

(a)   enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, and/or this Final Order and Judgment (including, without limitation:

whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against Defendant and/or the Released Parties);

(b)    entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Settlement Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendant and/or the Released Parties), or to ensure the fair and orderly administration of the Settlement; and

(c)    entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the settling parties, and the Settlement Class Members.

18.    Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the

provisions of the Settlement Agreement.

19.    In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED, this ___10th___ day of __February__, 20_25_.

                                    s/ Cathy L. Waldor
                                    _____
                                    THE HONORABLE CATHY L. WALDOR
                                    UNITED STATES MAGISTRATE JUDGE

## **APPENDIX A**

**1.**     All  residents  of  Alabama  who  paid  Defendant  for  a
HomeAgain  premium  service  membership  between  May  19,  2018,  and
September 19, 2024;

**2.**     All  residents  of  Alaska  who  paid  Defendant  for  a
HomeAgain  premium  service  membership  between  May  19,  2020,  and
September 19, 2024;

**3.**     All  residents  of  Arizona  who  paid  Defendant  for  a
HomeAgain  premium  service  membership  between  May  19,  2021,  and
September 19, 2024;

**4.**     All  residents  of  Arkansas  who  paid  Defendant  for  a
HomeAgain  premium  service  membership  between  May  19,  2017,  and
September 19, 2024;

**5.**     All  residents  of  California  who  paid  Defendant  for  a
HomeAgain  premium  service  membership  between  May  19,  2019,  and
September 19, 2024;

**6.**    All residents of Colorado who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

**7.**    All residents of Connecticut who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

**8.**    All residents of Delaware who paid Defendant for a HomeAgain premium service membership between May 19, 2017, and September 19, 2024;

**9.**    All residents of the District of Columbia who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

**10.**    All residents of Florida who paid Defendant for a HomeAgain premium service membership between May 19, 2018, and September 19, 2024;

**11.**    All residents of Georgia who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and

September 19, 2024;

12.    All residents of Hawaii who paid Defendant for a HomeAgain premium service membership between May 19, 2018, and September 19, 2024;

13.    All residents of Idaho who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024;

14.    All residents of Illinois who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

15.    All residents of Indiana who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024;

16.    All residents of Iowa who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024;

**17.**  All residents of Kansas who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

**18.**  All residents of Kentucky who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024;

**19.**  All residents of Louisiana who paid Defendant for a HomeAgain premium service membership between May 19, 2021, and September 19, 2024;

**20.**  All residents of Maine who paid Defendant for a HomeAgain premium service membership between May 19, 2016, and September 19, 2024;

**21.**  All residents of Maryland who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

**22.**  All residents of Massachusetts who paid Defendant for a HomeAgain premium service membership between May 19, 2018, and

September 19, 2024;

23.    All residents of Michigan who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

24.    All residents of Minnesota who paid Defendant for a HomeAgain premium service membership between May 19, 2016, and September 19, 2024;

25.    All residents of Mississippi who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

26.    All residents of Missouri who paid Defendant for a HomeAgain premium service membership between May 19, 2017, and September 19, 2024;

27.    All residents of Montana who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024;

**28.**   All residents of Nebraska who paid Defendant for a HomeAgain premium service membership between May 19, 2018, and September 19, 2024;

**29.**   All residents of Nevada who paid Defendant for a HomeAgain premium service membership between May 19, 2018, and September 19, 2024;

**30.**   All residents of New Hampshire who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

**31.**   All residents of New Jersey who paid Defendant for a HomeAgain premium service membership between May 19, 2016, and September 19, 2024;

**32.**   All residents of New Mexico who paid Defendant for a HomeAgain premium service membership between May 19, 2018, and September 19, 2024;

**33.**   All residents of New York who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and

September 19, 2024;

**34.**   All residents of North Carolina who paid Defendant for a HomeAgain premium service membership between May 19, 2018, and September 19, 2024;

**35.**   All residents of North Dakota who paid Defendant for a HomeAgain premium service membership between May 19, 2016, and September 19, 2024;

**36.**   All residents of Ohio who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024;

**37.**   All residents of Oklahoma who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

**38.**   All residents of Oregon who paid Defendant for a HomeAgain premium service membership between May 19, 2021, and September 19, 2024;

**39.**   All residents of Pennsylvania who paid Defendant for a HomeAgain premium service membership between May 19, 2016, and September 19, 2024;

**40.**   All residents of Rhode Island who paid Defendant for a HomeAgain premium service membership between May 19, 2012, and September 19, 2024;

**41.**   All residents of South Carolina who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024;

**42.**   All residents of South Dakota who paid Defendant for a HomeAgain premium service membership between May 19, 2018, and September 19, 2024;

**43.**   All residents of Tennessee who paid Defendant for a HomeAgain premium service membership between May 19, 2017, and September 19, 2024;

**44.**   All residents of Texas who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and

September 19, 2024;

45.    All residents of Utah who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024;

46.    All residents of Vermont who paid Defendant for a HomeAgain premium service membership between May 19, 2016, and September 19, 2024;

47.    All residents of Virginia who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024;

48.    All residents of Washington who paid Defendant for a HomeAgain premium service membership between May 19, 2018, and September 19, 2024;

49.    All residents of West Virginia who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024;

**50.**    All residents of Wisconsin who paid Defendant for a HomeAgain premium service membership between May 19, 2019, and September 19, 2024; and

**51.**    All residents of Wyoming who paid Defendant for a HomeAgain premium service membership between May 19, 2020, and September 19, 2024.

## APPENDIX B

## Requests for Exclusion

1. Vivian Bush

2. Phil Bush

3. Raymond Clare

4. Cristy Cook

5. Chris Deaver

6. Dorothy Diamond

7. Rene Diaz

8. Mia Fikse

9. Elisabeth Gelston-Yoon

10.      Judy Hall

11.      Marion Hamilin

12.      David Hughes

13.      Kathleen Janiak

14.      Joanne Martin

15.      Denice Mayhugh

16.      Robert Michelucci

17.      Vincent Milone1

18.      Therese Reynolds

19.      Lynne Schonder

20.      Tamara Sweet

21.    Raddy Sweet

22.    Delvin Wildfang